IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY CHAIRS, Reg. No. 449393, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-395-MJR |
| ) | |
| RICHARD WATSON ) | |
| and PHILLIP McLAURIN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at the St. Clair County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that he has been subjected to unconstitutional conditions of confinement during his 22 month stay at the jail.

Plaintiff states that since June 23, 2011, when his incarceration began, he has never been allowed any recreation/exercise time. As a result, he has developed back spasms, neck problems, body aches, and stiffness (Doc. 1, p. 5). In addition, the jail is infested with roaches, mold, mildew, rats, and fruit flies. Inmates are not given proper cleaning supplies, toilets are backed up, and sinks and showers do not drain. There is no fresh air circulation. The jail is overcrowded, and at times Plaintiff has been required to sleep on the floor or on a dayroom table. Plaintiff has complained about these conditions up the chain of command to officers, the captain, and the Jail Superintendent (Defendant McLaurin), to no avail.

The complaint does not indicate whether Plaintiff is a pretrial detainee, but the Court shall presume that he is, based on the length of time he has been confined at the jail.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold

review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant McLaurin for denial of recreation/exercise **(Count 1)** and for subjecting Plaintiff to unconstitutional conditions of confinement **(Count 2)**. These claims shall receive further review.

However, the complaint fails to state a distinct constitutional claim upon which relief may be granted for the alleged jail overcrowding **(Count 3)**. This claim shall be dismissed for the following reasons.

Claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). Thus, for 'cruel and unusual punishment' claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

Overcrowded conditions, in and of themselves, do not violate the Constitution. In *Rhodes v. Chapman*, 452 U.S. 337 (1981), the Supreme Court concluded that the practice of housing two inmates in a cell designed for one does not amount to the "unnecessary and wanton infliction of pain" that violates the Eighth Amendment. *Id.* at 346. The Constitution "does not mandate comfortable prisons," *id.* at 349, and only those deprivations denying "the minimal civilized measure of life's necessities," *id.* at 347, are sufficiently grave to form the basis of an

Eighth Amendment violation. *See also Hubbard v. Taylor*, 538 F.3d 229 (3d Cir. 2008) (triple-celling of pretrial detainees in single-man cells was rationally related to managing overcrowded prison, and requiring detainees to sleep on mattresses on the floor was not a constitutional violation); *Strickler v. Waters*, 989 F.2d 1375, 1382 (4th Cir. 1993) (double or triple celling is not *per se* unconstitutional) (quoting *Williams v. Griffin*, 952 F.2d 820, 824-25 (4th Cir. 1991)); *McCree v. Sherrod*, 408 F. App'x 990, 992-93 (7th Cir. 2011) (a floor space limitation of approximately 35 square feet per inmate does not by itself amount to cruel and unusual punishment).

A constitutional claim may arise if overcrowding causes other significant deprivations, such as inadequate medical or mental health care. *See Brown v. Plata*, __ U.S. ___, 131 S. Ct. 1910, 1928 (2011). However, in the instant complaint, Plaintiff fails to allege any deprivation of a constitutional magnitude that is a direct result of the jail overcrowding. At most, he suggests discomfort in his sleeping arrangements. Count 3 shall thus be dismissed without prejudice.

Finally, the claims against Defendant Watson (St. Clair County Sheriff) are dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that he complained to Defendant Watson about the jail conditions, or that he otherwise brought his concerns to Defendant Watson's attention. The complaint thus fails to indicate that Defendant Watson had the subjective intent to support an Eighth Amendment claim, or that he was "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, Defendant Watson shall be dismissed from this action without prejudice.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to United States Magistrate Judge Williams for further consideration.

**Disposition**

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **WATSON** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **McLAURIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by

the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 15, 2013**

<u>s/ MICHAEL J. REAGAN</u>
United States District Judge